### 25670. MILAM v. VINCENT et al.

STEPHENS, J. 1. Where an attempt to start the motor of an automobile while gasoline is being poured into the carburetor is an act which would cause the ignition of the gasoline and an explosion, the inference is authorized that a person in the automobile who starts the motor under such circumstances is lacking in ordinary care and diligence in not knowing that his act would cause such an explosion. Where the per-

son so starting the motor at the time knows that another person is in the act of pouring gasoline into the carburetor, and where, as a result of the starting of the motor under such circumstances, the gasoline which is being poured into the carburetor ignites, and an explosion occurs, an inference is authorized that the person starting the motor thereby fails to exercise ordinary care and diligence, and is guilty of an act of negligence which caused the explosion. Where at the time of the explosion the automobile was located at a point adjacent to a public thoroughfare along which pedestrians were accustomed to pass, the inference is authorized that the person starting the motor was guilty of negligence and a failure to exercise ordinary care in not knowing that the person who was injured by the explosion of the gasoline was passing along the highway, and where the person who was pouring the gasoline into the carburetor did, immediately upon its explosion, throw and hurl the burning gasoline upon the pedestrian passing by, who was injured by his clothes catching fire and causing him personal injuries, the inference is authorized that the act of the person in starting the motor under the circumstances was negligence proximately causing the injuries received by the pedestrian. The act of the person in hurling the ignited gasoline upon the pedestrian, immediately upon its becoming ignited and exploding, being an involuntary act and done instinctively by him in the interest of his own safety, was not a voluntary intervening act which broke the causal connection between the act of starting the motor and the injuries to the pedestrian, but was an intervening act of a nature which could easily have been foreseen as a probable consequence of the negligence of the defendant in starting the motor. Scott v. Shepherd, 2 Wm. Blackstone 892, 96 Eng. Reprints, 525.

2. In a suit by the person injured against the person starting the motor, to recover for the injuries, the petition set out a cause of action, and the court did not err in overruling the general demurrer.

*Judgment affirmed.  Jenkins, P. J., and Sutton, J., concur.*

DECIDED NOVEMBER 19, 1936.

W. B. Mebane, for plaintiff in error.
Tom Willingham, Wright & Covington, contra.

